1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

*E-Filed 1/28/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHATETON DAVIS, | No. C 12-5124 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| G.D. LEWIS, et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

### A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

§ 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that (1) Pelican Bay correctional officers James Holden and Robert Haberman used excessive force against him in violation of the Eighth Amendment; (2) Holden and Haberman falsified reports that resulted in his being charged and found guilty of battery on a peace officer; (3) the resulting disciplinary hearing and determination violated due process; and (4) Pelican Bay Warden G.D. Lewis conspired with Holden and Haberman to violate his constitutional rights.  Liberally construed, claims 1–3 are cognizable under § 1983.  His claim against Lewis, however, is conclusory and undetailed.  It is insufficient to say flatly that Lewis conspired to violate his rights.  Plaintiff must provide specific details showing that Lewis knew of and participated in the alleged violation.

Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint within 30 days from the date this order is filed.  The amended complaint must address all the deficiencies listed above, and include the caption and civil case number

United States District Court
For the Northern District of California

No. C 12-5124 RS (PR)
ORDER DISMISSING COMPLAINT

2

United States District Court
For the Northern District of California

1  used in this order (12-5124 RS (PR)) and the words FIRST AMENDED COMPLAINT on

2  the first page.  Because an amended complaint completely replaces the previous complaints,

3  plaintiff must include in his first amended complaint **all** the claims he wishes to present and

4  **all** of the defendants he wishes to sue, **including** claims 1–3 found cognizable above.  *See*

5  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Any claims not raised in the first

6  amended complaint will be deemed waived.  Plaintiff may *not* incorporate material from the

7  prior complaint by reference.  Failure to file an amended complaint in accordance with this

8  order will result in dismissal of this action without further notice to plaintiff.

9         It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

10  informed of any change of address by filing a separate paper with the clerk headed "Notice

11  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

12  for an extension of time to do so.  Failure to comply may result in the dismissal of this

13  action pursuant to Federal Rule of Civil Procedure 41(b).

14         **IT IS SO ORDERED**.

15  DATED:  January 28, 2013

16  _____
                                RICHARD SEEBORG
                                United States District Judge